IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOARDS OF TRUSTEES OF OHIO
LABORERS' FRINGE BENEFIT
PROGRAMS,

        Plaintiffs,

  v.                                    Civil Action 2:16-cv-1196
                                        Judge Algenon L. Marbley
                                        Magistrate Judge Jolson

SOLID ROCK CONSTRUCTION
SOLUTIONS, LLC, et al.,

        Defendants.

## REPORT AND RECOMMENDATION

This is an action for unpaid fringe benefit contributions, liquidated damages, and interest allegedly owed certain employee benefits plans pursuant to a collective bargaining agreement. Plaintiffs, the trustees of four trust funds, assert claims under ERISA, 29 U.S.C. § 1132. Defendants Solid Rock Construction Solutions, LLC, Solid Rock Construction Services, LLC, and Solid Rock Development Services, LLC were served with a summons and a copy of the complaint on January 31, 2017 (Docs. 3–5), but have failed to plead or otherwise defend this action. Plaintiffs applied to the Clerk for entry of default (Doc. 6), and the Clerk entered default pursuant to Federal Rule Civil Procedure 55(a) on February 9, 2017 (Doc. 7). This matter is now before the Court on Plaintiffs' Motion for Default Judgment, seeking default judgment against Solid Rock Construction Solutions, LLC. (Doc. 10). Plaintiffs also request that the claims against Defendants Solid Rock Construction Services, LLC and Solid Rock Development Services, LLC be dismissed. (*Id*. at 1).

Plaintiffs have established that Solid Rock Construction Solutions, LLC entered into an agreement with a local union affiliated with the Laborers' District Council of Ohio, by which it agreed to pay contributions on behalf of its employees working within the work jurisdiction of the union.  (*See* Doc. 10-3, PAGEID #: 41).  The affidavit of Plaintiffs' Contractor Relations Manager (Doc. 10-2), establishes that Defendant Solid Rock Construction Solutions, LLC owes $14,763.39 in unpaid fringe benefit contributions, liquidated damages, and interest for the period October 2016 through January 2017.  (*Id*. at ¶ 3); 29 U.S.C. § 1132(g)(2).

Plaintiffs seek an award of attorney's fees in the amount of $2,800.00, for 10.00 hours billed at the rate of $280.00 per hour.  (Doc. 10-1, PAGEID #: 39).  Plaintiffs have provided evidentiary support that the number of hours billed and the hourly rates charged are reasonable. (Doc. 10-3, PAGEID #:  46).

Plaintiffs are therefore entitled to judgment in the amount of $14,763.39 in unpaid fringe benefit contributions, liquidated damages, and prejudgment interest, and an award of attorney's fees in the amount of $2,800.00.

Accordingly, it is **RECOMMENDED** that Plaintiffs' Motion for Default Judgment (Doc. 10), be **GRANTED**.  It is **FURTHER RECOMMENDED** that the Clerk enter judgment against Defendant Solid Rock Construction Solutions, LLC and that Plaintiffs Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs have and recover from Solid Rock Construction Solutions, LLC, the sum of Fourteen Thousand Seven Hundred Sixty-Three Dollars and Thirty-Nine Cents ($14,763.39), including unpaid fringe benefit contributions from October 2016 through January 2017, prejudgment interest, and liquidated damages, and reasonable attorney's fees in the amount of Two Thousand Eight Hundred Dollars ($2,800.00), plus interest from the date of judgment at the rate of one percent (1%) per month.  Finally, it is **RECOMMENDED**

the claims against Defendants Solid Rock Construction Services, LLC and Solid Rock Development Services, LLC be dismissed without prejudice.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:  March 28, 2017                                    /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE